# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH M. EUBANKS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-11-66-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Joseph M. Eubanks requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As set forth below, the undersigned Magistrate Judge hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on July 13, 1957, and was fifty-one years old at the time of the administrative hearing. He has an eleventh grade education (Tr. 22) and has past relevant work in the construction industry as a framer and carpenter (Tr. 15, 22). The claimant initially alleged an onset date of January 7, 2004 (Tr. 89), but the claimant amended his onset date to November 5, 2007 at the administrative hearing (Tr. 42). The claimant alleges he has been unable to work because of organic mental disorders cause by a traumatic brain injury (Tr. 112).

**Procedural History**

On November 5, 2007, the claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His application was denied. ALJ Richard J. Kallsnick conducted a hearing and determined that the claimant was not disabled in a decision dated June 29, 2009. The Appeals Council denied review, so the ALJ's decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had severe impairments (seizure disorder and history of alcohol dependency) but retained the residual functional capacity ("RFC") to perform medium work, *i. e.*, he could lift/carry 25 pounds frequently and 50 pounds occasionally, and stand/walk/sit for 6 of 8 hours in a work day (Tr. 12-13). The ALJ also found the claimant could use his hands and feet to operate controls and that he had no postural, visual or environmental limitations, but that "the claimant must take seizure precautions" (Tr. 13). The ALJ concluded that while the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the national economy, *i.e.*, hand packer, bus person, cashier, and parking lot attendant (Tr. 16).

## Review

The claimant contends that the ALJ erred: (i) by failing to afford claimant adequate due process; (ii) by making erroneous findings at steps 2 and 3 related to claimant's mental health disorders; and (iii) by failing to properly analyze his credibility. The undersigned Magistrate Judge finds that the ALJ did fail to properly analyze the claimant's credibility.

Many of the claimant's alleged impairments originate from a work-related accident in which the claimant fell from a ladder straight back onto the floor, resulting in a loss of consciousness, apnea, and seizure activity. (Tr. 151). As a result of the fall, the claimant was hospitalized for almost three weeks. (Tr. 151). The claimant testified at the

administrative hearing about many of the residual effects of this injury. Notably, he testified at the administrative hearing that his "ears ring all the time" which causes hearing problems, and he has headaches, double vision, and memory loss (Tr. 23-26). The claimant stated that his double vision in particular has affected many aspects of his life, from reading to driving to wood-working (a part of his relevant work history) (Tr. 26). He also stated that he experiences seizures about twice a month (Tr. 28). The claimant has had a problem with alcohol, which his doctor suspected was part of the reason for his seizures, but testified that he quit six months prior to the administrative hearing, and he was still experiencing seizures even after alcohol cessation (Tr. 27). The claimant also testified that he has four screws in his ankle, pain in his hip, and problems maintaining his equilibrium (Tr. 30).

The claimant submitted two "Seizure Description Forms" which corroborated some of his claims regarding his seizure disorder (Tr. 223-24). One form was completed by claimant's friend Emily Brooks, who has reportedly observed "too many [seizures] to count." The form was completed on October 15, 2009, and Ms. Brooks wrote that she had witnessed the claimant suffer a seizure less than one month prior (Tr. 223). She wrote that while the claimant is in the midst of a seizure, he gets stiff, "turn[s] blue in the face," his eyes roll back in his head, has a blank look in his eyes, and is confused for thirty minutes to an hour following a seizure (Tr. 223). The second form was completed by Edwin Ned, a friend of the claimant, who only wrote that he has witnessed the claimant experience two seizures, and that the claimant loses consciousness during his

seizures (Tr. 224). Further, Mr. Ned wrote that he has never witnessed the claimant prior to a seizure, but that his "sister [calls him] to come and help when he has one" and that when he gets to the claimant, "he is [coming] out of it some" (Tr. 224).

The claimant contends, *inter alia*, that the ALJ failed to properly analyze his credibility with regard to the limiting nature of his condition. A credibility determination is entitled to deference unless there is an indication the ALJ misread the medical evidence taken as a whole. *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991). Further, an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The ALJ's credibility analysis here was the following: "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 14). The problem with this analysis (apart from vagueness) is

that the ALJ should have *first* evaluated the claimant's testimony (along with all the other evidence) according to the above guidelines and *then* formulated an appropriate RFC, not the other way around, *i. e.*, the ALJ apparently judged the credibility of the claimant's testimony by comparing it to a pre-determined RFC. *See McFerran v. Astrue*, 2011 WL 3648222, *2-*3 (10th Cir. Aug. 19, 2011) ("The ALJ's ultimate credibility determination is a singularly unhelpful sentence: '[T]he claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment.' . . . The ALJ's errors in the credibility assessment necessarily affect the RFC determination."), [unpublished opinion], *quoting Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). The ALJ compounded this error in two ways: (i) the ALJ failed to specify evidence that caused him to disbelieve the claimant; (ii) the ALJ failed to even *mention*, let alone evaluate, the "other source" evidence submitted by the claimant, *i. e.*, the "Seizure Description Forms" completed by claimant's friends, s*ee* Soc. Sec. Rul. 06-03p, 2006 WL 2329939, * 2 ("In addition to evidence from 'acceptable medical sources,' we may use evidence from 'other sources,' as defined in 20 CFR 404.1513(d) and 416.913(d), to show the severity of the individual's impairment(s) and how it affects the individual's ability to function. These sources include, but are not limited to . . . Spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, clergy, and employers.").

Because the ALJ failed to properly analyze the claimant's credibility, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further

analysis. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 7th day of March, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma